# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN ELDRIDGE CONE, JR., | ) |
| Plaintiff, | ) |
| v. | ) No. CIV 14-410-JHP-SPS |
| CHARLES PEARSON, et al., | ) |
| Defendants. | ) |

## OPINION AND ORDER

This action is before the court on Defendant DOC Population's motion to dismiss (Dkt. 24). Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Cimarron Correctional Facility in Cushing, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking monetary damages for alleged constitutional violations during his incarceration as a pretrial detainee in the Muskogee County Jail. The defendants are Charles Pearson, Muskogee County Sheriff; James Broadrick, Sheriff's Tower Officer; and DOC Population.

Plaintiff alleges he was being held in protective custody in the Muskogee County Jail, when he wrote a letter requesting to be transferred to another county because of his pending murder charges and because of the person he had killed. Although plaintiff felt threatened by staff and other inmates, he was told he could not be moved to another facility. He then submitted a request to be placed in the general population, because he believed he could handle himself, but the request was denied for plaintiff's own safety. Plaintiff wrote again to give the names of individuals with whom he could not have contact. This request also was denied, because the facility could not monitor who came in and out of the jail. Shortly afterward, one of the people he had named was assigned to a cell above him.

On November 17, 2012, plaintiff's cellmate went to take his medication. Plaintiff was asleep on his bunk, when he was awakened by the sounds of another cell being opened and

of fast movement. By the time he could get up, plaintiff was pulled off his bunk and assaulted by a federal inmate and a county inmate. They shut the cell door and continued to assault him. The tower operator said he had opened the other inmates' cell door, because he thought plaintiff's cellmate had been locked down.

Defendant DOC Population has filed a motion to dismiss, alleging plaintiff has failed to state a claim against that entity. In assessing a motion to dismiss, the court must accept the factual allegations as true and consider them in the light most favorable to the plaintiff. *Tomlinson v. El Paso Corp.*, 653 F.3d 1281, 1285–86 (10th Cir. 2011) (citing *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)), *cert. denied*, 132 S.Ct. 1574 (2012). A request for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) requires the court to determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Defendant DOC Population alleges that on September 11, 2012, plaintiff was charged with First Degree Murder in Muskogee County District Court Case No. CF-2012-749, and he was sentenced to life in prison on May 21, 2014. He, therefore, was not in DOC custody when the incidents alleged in the complaint occurred. Nonetheless, he is claiming that the DOC Population Office refused to transfer him to another housing unit or jail while his criminal charges were pending.

Defendant DOC Population further alleges it is not a proper party to this action. Plaintiff served the summons and his complaint on Lesia Miser, Administrator of the DOC's Classification and Population Division. Therefore, the defendant asserts it is likely that plaintiff intended to name that division as a party. The Classification and Population Division, however, is "not a separate suable entity" under the allegations before the court. *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985). Therefore, Defendant DOC Population must be dismissed.

The court finds that even if plaintiff's claims are construed as being against the Oklahoma Department of Corrections, the claims against that entity still must be dismissed, because states and their agencies are not "persons" under 42 U.S.C. § 1983, and they are not subject to suit under the statute. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1988) (holding that "[n]either the State, nor a governmental entity that is the arm of the State for Eleventh Amendment purposes, nor a State official who acts in his official capacity is a person within the meaning of § 1983"). Absent consent from the State, Oklahoma or one of its agencies is prohibited by the Eleventh Amendment from being named as a defendant. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Oklahoma has not consented to suit against itself, its officials, or its agencies. *See Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 589 (10th Cir. 1994), *overruled on other grounds by Ellis v. Univ. of Kansas Med. Ctr.*, 163 F.3d 1186, 1194-97 (10th Cir. 1998). Furthermore, plaintiff cannot recover money damages from Oklahoma or one of its state agencies under § 1983. *See Reames v. Oklahoma ex rel. OK Health Care Auth.*, 411 F.3d 1164, 1167 (10th Cir. 2005). Plaintiff requests no other form of relief.

**ACCORDINGLY,** Defendant DOC Population's motion to dismiss (Dkt. 24) is GRANTED, and Defendant DOC Population is dismissed from this action, pursuant to Fed. R. Civ. P. 12(b)(6).

**IT IS SO ORDERED** this 24th day of September 2015.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma