**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JOHN ELDRIDGE CONE, JR.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **No. CIV 14-410-JHP-SPS** |
| | ) | |
| **CHARLES PEARSON, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER
## DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has filed another motion requesting the court to appoint counsel (Dkt. 47). He alleges he has only a ninth-grade education and is "unable to keep up [or] understand most of the things going on in this suit." *Id*. at 1. In addition, he has been diagnosed with ADD, ADAD, and ODD," and he is unable to investigate the facts of his case or gather evidence. *Id*.

Plaintiff still bears the burden of convincing the court that his claim has sufficient merit to warrant appointment of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (citing *United States v. Masters*, 484 F.2d 1251, 1253 (10th Cir. 1973)). The court has carefully reexamined the merits of plaintiff's claims, the nature of factual issues raised in his allegations, and his ability to investigate crucial facts. *McCarthy*, 753 F.2d at 838 (citing *Maclin v. Freake*, 650 F.2d 885, 887-88 (7th Cir. 1981)). After considering plaintiff's ability to present his claims and the complexity of the legal issues raised by the claims, the court finds that appointment of counsel still is not warranted. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991); *see also Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

**ACCORDINGLY,** plaintiff's second motion for appointment of counsel (Dkt. 47) is DENIED.

**IT IS SO ORDERED** this 12th day of May 2016.

James H. Payne
United States District Judge
Eastern District of Oklahoma